## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOEY ELIJIO ADAMES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-20-594-G |
| | ) |
| **SCOTT CROW, Director,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

On June 22, 2020, Petitioner Joey Elijio Adames, a state prisoner, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. On January 11, 2022, Respondent Scott Crow, the Director of the Oklahoma Department of Corrections, filed an Answer (Doc. No. 21), as well as the relevant state-court record.

On March 10, 2022, Judge Purcell issued a Supplemental Report and Recommendation (Doc. No. 25), in which he recommended that the Petition be denied. In the Supplemental Report and Recommendation, Judge Purcell advised the parties of their right to object. Judge Purcell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Supplemental Report and Recommendation. As of this date, no party has submitted an objection to the Supplemental Report and Recommendation or sought leave for additional time to do so.

CONCLUSION

Accordingly, the Supplemental Report and Recommendation (Doc. No. 25) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 7th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge